Plaintiff, alleging ownership of an undivided (15/18ths) interest in the southwest quarter of the southeast quarter (S. W. 1/4 of S.E. 1/4), section 8, township 13 north (13 N.), range 12 west (12 W.), in DeSoto Parish, instituted this suit against Genevieve Laffitte Woods, Angelina Laffitte Roblow and Marcelle Laffitte, Jr., alleged to be the owners of the remaining 3/18ths interest in the land, to procure partition thereof by licitation. He alleges that Marcelle Laffitte, who died intestate in May, 1943, acquired the land by purchase from G. W. Peyton, Ltd., on December 4, 1907, at which time his second wife, Corrinne Rambin, was living; that said Marcelle Laffitte was first married to Marie Boudreaux, who also died intestate, leaving the three above named defendants as her sole heirs, issue of her marriage to said Marcelle Laffitte; that by the second marriage the following named children were born, all of whom survived their parents: Alice Laffitte, Minnie Laffitte, Albert *Page 644 
Laffitte, Florence Laffitte Sayers, Ella Laffitte Beard and Bernice Laffitte Etheredge; that the mother of these six children died prior to the death of their father; that he, plaintiff, had acquired the 5/36ths interest of each of said six heirs in said 40 acres of land by deed of record.
The three heirs of Laffitte, made defendants herein, first excepted to the petition as disclosing neither a right nor a cause of action. Trial was had of these exceptions in advance of filing answer. The court overruled them. A plea of estoppel was then filed and overruled. Reserving their rights under the overruled exceptions and plea, defendants answered. They denied that plaintiff owned any interest whatever in the land, and averred that they owned the entirety thereof through and by the effect of a dation en paiement from their father, Marcelle Laffitte, of date June 15, 1903, which was duly registered in the conveyance records of the parish. They pray that the suit be dismissed at plaintiff's cost.
After trial on the merits, judgment was rendered as prayed for by plaintiff and the defendants appealed.
Marcelle Laffitte first acquired the land involved herein by purchase on October 15, 1892, which was subsequent to his second marriage. He made a dation en paiement of the land unto the defendants herein on June 15, 1903. The instrument is in proper form and was signed by the grantees. The land described therein was seized by the constable of Ward 5 of DeSoto Parish under a writ of fi.fa. issued on a judgment against Laffitte and was advertised for sale. It was adjudicated at the constable's sale on December 19, 1903, to George W. Peyton. It is obvious that the dation en paiement was entirely ignored by the constable in executing the writ. The record does not show whether the judgment under which the property was sold affected the same prior to execution of the dation en paiement.
On December 4, 1907, Peyton sold and conveyed the land to Laffitte for $261.11, cash. At this time Laffitte was living with his second wife.
Plaintiff attacks the dation en paiement on the ground that there was no delivery of the property thereunder and, therefore, it never became effective. In addition, he pleads the prescription of 10 and 30 years acquirendi causa.
Defendants, while standing upon the dation en paiement to them, contend that when their father reacquired the land from Peyton, the title to it automatically inured to their benefit.
It is admitted that Laffitte physically possessed the land from his first purchase thereof in 1892 until his death in May, 1943, a period of 51 years. Presumably, for the nearly 4 years Peyton owned it, he possessed under some sort of contract with Peyton. However, he had actual possession of the land for more than 30 years after he reacquired it. When this suit was filed all of the defendants were more than 51 years of age.
It is shown that Laffitte's children by his first wife ceased to live with him on the land as they married. The youngest of the three, the last to marry, being Marcelle, Jr., married on March 7, 1912. Not one of these heirs ever exercised, or attempted to exercise, any of the privileges of ownership or possession of the land prior to their father's death. He, on the contrary, possessed it as owner, openly, peacefully, uninterruptedly and continuously to his death. Beginning with May, 1911, he gave six mineral leases on the land, the last one being on September 5, 1942. It may be assumed that the land during this long period was assessed to him and taxes due thereon by him paid. In view of these well established facts, the plea of prescription of 30 years is obviously well founded.
[1] To acquire ownership of an immovable through possession of 30 years, it is not necessary to possess in good faith. It is sufficient that possession for this period be physical and as owner.
Treating of the prescription of 30 years, the Civil Code, Articles 3499 and 3500, says:
"The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith.
"The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."
[2] Having reached the conclusion that Marcelle Laffitte was the owner of the land, to the exclusion of any interest or claim of defendants, at the time of his death, it becomes unnecessary to decide if the dation en paiement failed of effect for lack of delivery thereunder to the defendants, or whether the second acquisition of *Page 645 
the land by Laffitte inured to defendants' benefit as grantees in the dation en paiement, or whether Laffitte was in good faith or legal bad faith in possessing the land after his purchase from Peyton in 1907.
[3, 4] There is no merit in the plea of estoppel. It was properly overruled. It would be a rare case to lose or acquire real estate through estoppel. Such pleas are looked upon with disfavor by the courts.
The judgment appealed from recognized J.T. Daw as owner of an undivided 15/18ths interest and recognized the defendants, Marcelle Laffitte, Jr., Genevieve Laffitte Woods and Angelina Laffitte Roblow, as equal owners of the remaining undivided 3/18ths interest in and to the southwest quarter of the southeast quarter (S.W. 1/4 of S.E. 1/4), section 8, township 13 North (13 N.), range 12 west (12 W.), in DeSoto Parish, Louisiana, and ordered a partition thereof by licitation. The record does not disclose whether the plea of 30 years prescription was sustained or overruled. It is not mentioned in the minutes beyond the fact of filing, subject to objection.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
KENNON, J., takes no part.